UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LUIS MIGUEL JUAREZ,<br><br>    Plaintiff,<br> v.<br><br>CHAD WOLF, et. al.,<br><br>    Defendant. | CASE NO. 20-1660 RJB - MLP<br><br>ORDER ON REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Michelle L. Peterson. Dkt. 25. The Court has considered the Report and Recommendation, Objections to the Report and Recommendation, Response to the Objections, and the remaining file.

Petitioner, a detainee of U.S. Immigration and Customs Enforcement ("ICE"), filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, seeking release from detention or a bond hearing. Dkt. 1. The Report and Recommendation recommends granting the government's motion to dismiss the petition to the extent the Petitioner seeks release and

ORDER ON REPORT AND RECOMMENDATION - 1

denying the government's motion to dismiss the petition to the extent the Petitioner seeks a bond hearing. Dkt. 25. The Report and Recommendation recommends granting the Petitioner a bond hearing. *Id.*

The government filed objections, asserting that there is no express or implied right to a bond hearing for criminal noncitizens under 8 U.S.C § 1226(c). Dkt. 26. It also maintains that the government should not be required to bear the burden of proving, with clear and convincing evidence, that the noncitizen poses a flight risk or a danger to society. *Id*.

The Report and Recommendation should be adopted (Dkt. 25) and the Petitioner should be granted a bond hearing within approximately 30 days of this order. The government's objections regarding whether Petitioner has a right to a bond hearing in these circumstances are a repetition of its prior assertions and are addressed in the Report and Recommendation. As stated in the Report and Recommendation, courts who have considered the question recently have concluded that "prolonged mandatory detention pending removal proceedings without a bond hearing will – at some point – violate due process." Dkt. 25, at 8 (*quoting Martinez v. Clark,* U.S. District Court for the Western District of Washington case number C18-1669 RAJ-MAT, 2019 WL 5968089 (W.D. Wash. May 23, 2019)). The Report and Recommendation properly points out that such a circumstance exists here.

Further, the government's objection, that it should not bear the burden of showing that the Petitioner poses a flight risk or a danger to society under *Jennings v. Rodriguez*, 138 S. Ct. 830, 846-48 (2018), is not persuasive. After the Supreme Court decided *Jennings,* Ninth Circuit held in *Aleman Gonzalez v. Barr,* 955 F.3d 762, 781 (9th Cir. 2020) that *Jennings* did not invalidate the requirement that the government bear the burden of proving with clear and

convincing evidence that the noncitizen poses a flight risk or a danger to society required by *Singh v. Holder,* 638 F.3d 1196, 1203-1204 (9th Cir. 2011) at a bond hearing.

Accordingly, the government should be the party to bear the burden of proving with clear and convincing evidence that the Petitioner poses a flight risk or a danger to society at the bond hearing. The bond hearing should be scheduled for July 7, 2021 at 9:30 a.m.

**IT IS ORDERED THAT:**

- The Report and Recommendation (Dkt. 25) **IS ADOPTED**;
- The Defendant's motion to dismiss (Dkt. 14) **IS GRANTED** to the extent the Petitioner seeks release and **IS DENIED** to the extent the Petitioner seeks a bond hearing.
- The Petitioner's petition (Dkt. 1) for a bond hearing **IS GRANTED**; and
- A bond hearing in this case **IS SCHEDULED** for **July 7, 2021** at **9:30 a.m**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 7th day of June, 2021.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge